IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. SRADER,

Plaintiff,

v.                                                    CASE NO. 23-3178-JWL

UNITED STATES OF AMERICA, et al.,

Defendants.

MEMORANDUM AND ORDER

Plaintiff Nicholas A. Srader, who is incarcerated at the United States Penitentiary in
Leavenworth, Kansas (USPL), has filed this pro se civil action pursuant to 28 U.S.C. § 1331,
seeking relief from federal officials for the alleged violations of his constitutional rights. *See*
*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

When Plaintiff initially filed his complaint, it was not on the required court-approved form,
so the Court issued a notice of deficiency, directing him to re-submit his complaint on the form
that was provided to him. (Doc. 4.) Plaintiff has now submitted a motion to amend his complaint
(Doc. 5) and a proposed amended complaint (Doc. 5-1). Although Plaintiff has written on the
court-approved form, he does so largely to refer the Court to his initially filed complaint, which
he purports to incorporate by reference. (*See* Doc. 5-1, p. 2.) He also asks the Court to consider
the amended complaint alongside the allegations made in the initial complaint. (Doc. 5, p. 1-2.)

But an amended complaint is not a supplement to the original complaint. Rather, it
completely replaces all previous complaints and it must contain the factual allegations on which
Plaintiff bases his claim or claims that his civil rights were violated. "[T]o state a claim in federal
court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the

1

defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Because Plaintiff proceeds pro se, the Court liberally construes the complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The initial complaint, to which the currently proposed amended complaint generally refers the Court, covers many topics, including the amount of time Plaintiff is allowed out of his cell, USPL's visitation policies, Plaintiff's commissary access, and his religious freedom.

Plaintiff should be aware that Federal Rule of Civil Procedure [1] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).   Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001)(citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Moreover, the wide range of topics and the lack of identification of individual counts in the documents now before the Court make it difficult, if not impossible, to determine the specific nature of Plaintiff's intended claims. This is why the Court requires the use of the form complaint. The form assists the Court in understanding and efficiently identifying the claims Plaintiff wishes to assert and the specific factual allegations to support each claim, a purpose negated when the form is used only to refer the Court generally to 43 handwritten pages.

Thus, the Court will grant Plaintiff additional time in which to file an amended complaint that clearly sets forth—on the court-approved form—the claims he wishes to pursue in this action and the facts on which those claims are based. Plaintiff need not file a motion to amend his complaint, as this order directs Plaintiff to file an amended complaint. Plaintiff must write the number of this case (23-3178) at the top of the first page of his amended complaint. The amended

complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including any already set forth in the original complaint. Plaintiff must make all necessary factual allegations in the amended complaint and not rely on referring the Court to documents or evidence not filed with this Court. He may attach additional pages if necessary, but he may not use the form merely to refer the Court to previously filed documents.

Also before the Court is Plaintiff's motion to appoint counsel. (Doc. 3.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court considers "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 3) is **denied without prejudice**. Plaintiff may refile the motion if the material circumstances change.

**IT IS FURTHER ORDERED** that the motion to amend the complaint (Doc. 5) is **denied without prejudice**. Plaintiff is granted to and including September 5, 2023, to file a complete and proper amended complaint on the court-approved form that cures the deficiencies discussed herein. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter may be dismissed without further prior notice to Plaintiff. The clerk is directed to send *Bivens* forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 1st day of August, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge