IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. SRADER,

    **Plaintiff,**

    v.                                          CASE NO.  23-3178-JWL

UNITED STATES OF AMERICA, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Nicholas A. Srader initiated this matter by filing a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court reviewed the complaint and identified deficiencies that left it subject to dismissal in its entirety. Thus, on August 1, 2023, the Court issued a Memorandum and Order (M&O) identifying the deficiencies and granting Plaintiff time to file an amended complaint that cured them. (Doc. 7.) Plaintiff timely filed an amended complaint. (Doc. 9.)

The Court reviewed the amended complaint and concluded that it also suffered from deficiencies that left it subject to dismissal in its entirety. Specifically, the amended complaint left unclear the legal authority that created Plaintiff's private right of action. He alleged unconstitutional conduct by federal officials, but not the type of conduct in which federal courts have already implied a private right of action. *See Egbert v. Boule*, 142 S. Ct. 1793 (2022); *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022). The amended complaint also referred to 42 U.S.C. 2000bb-1(c) (a provision of the Religious Freedom Restoration Act protecting free exercise of religion), 28 U.S.C. 1346(B) (a provision of the Federal Tort Claims Act (FTCA)), 28 U.S.C. § 1402(b) (the venue provision for civil actions against the United States under the FTCA), 28 U.S.C. § 2401(b) (the statute of limitations for tort claims against the United States), and 10 additional

FTCA statutes. (Doc. 9, p. 2.) But the amended complaint did not allege a plausible claim for relief under any of these statutes. The amended complaint also failed to allege the personal involvement of each Defendant in the violation of Plaintiff's rights and it failed to comply with the joinder rules set forth in Federal Rules of Civil Procedure 18 and 20.

Thus, on September 8, 2023, the Court issued a second M&O identifying the deficiencies in the amended complaint and granting Plaintiff a final opportunity to file a second amended complaint that cures the deficiencies. (Doc. 16.) The second M&O set the deadline for filing of the second amended complaint as October 10, 2023, and cautioned Plaintiff that if he "fails to timely file a second amended complaint that cures the deficiencies, this matter may be dismissed without further prior notice to Plaintiff. *Id.* at 18. Plaintiff has not filed a second amended complaint in this matter, nor has he filed anything with the Court since September 11, 2023.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order." *Young v. U.S.*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771–72 (citations omitted).

The time in which Plaintiff was required to file a second amended complaint has passed without Plaintiff doing so. As a consequence, the Court proceeds upon the amended complaint, which must be dismissed for the reasons set forth in the Court's previous memorandum and order

(Doc. 16.) In the alternative, that this action should be dismissed without prejudice pursuant to Rule 41(b) for failure to comply with a court order.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** for failure to state a claim on which relief can be granted and, in the alternative, for failure to comply with a court order.

**IT IS SO ORDERED**.

Dated on this 11th day of October, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge