IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. SRADER,

                **Plaintiff,**

      v.                                                                              CASE NO. 23-3178-JWL

UNITED STATES OF AMERICA, et al.,

                **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Nicholas A. Srader, a federal pretrial inmate currently incarcerated at the United States Penitentiary in Leavenworth, Kansas (USPL), filed this pro se civil action seeking relief from federal officials for the alleged violations of his constitutional rights. (Doc. 1.) He proceeds in forma pauperis and has paid the required initial partial filing fee. On November 27, 2023, the Court entered a Memorandum and Order (Doc. 37) ("M&O III") dismissing this matter for failure to state a claim.

This matter is before the Court on Plaintiff's Motion for Reconsideration of Dismissal (Doc. 41). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling

1

law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff alleges that the Court erred in viewing the claim in this case as a new *Bivens* context and in declining to expand *Bivens* under the "potential special factors" clause. (Doc. 41, at 1.) Plaintiff argues that his claim is "fundamentally the same as 2 previously approved Bivens' claims, and, even if it were not, it is still a claim that is better suited to be resolved by Judicial review than to be dismissed awaiting congressional intervention." *Id*. Plaintiff also asks the Court to reconsider the decision to decline monetary, injunctive, or declaratory relief for violations of the Code of Federal Regulation and BOP policy. *Id*. at 4. Plaintiff asks the Court to reconsider Plaintiff's facts in Count III under the Religious Freedom and Restoration Act ("RFRA"), and to reconsider the appointment of counsel and injunctive relief. *Id*. Lastly, Plaintiff asks the Court to reconsider granting relief under the Federal Torts Claim Act ("FTCA"), arguing that he exhausted under the administrative remedies process. *Id*.

The Court entered a Memorandum and Order (Doc. 16) "M&O II" on September 9, 2023, that pointed out the deficiencies in Plaintiff's Amended Complaint at Doc. 9.[1]  The M&O II addressed the availability of a *Bivens* cause of action, and Plaintiff's claims under RFRA and the FTCA.  (Doc. 16, at 7–9.)   The Court found that:  *Bivens* does not cover the violations in the amended complaint; and "whether considered under the FTCA or the RFRA, the amended complaint does not state a plausible claim for relief."  *Id*. at 9, 11.   The Court gave Plaintiff "a final opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies herein."  *Id*. at 14.   Plaintiff filed a Memorandum of Law in Support of Complaint (Doc. 17) on September 11, 2023.   On November 2, 2023, Plaintiff filed his Second Amended Complaint (Doc. 27).

The Court screened Plaintiff's Second Amended Complaint and entered the MOSC III dismissing this matter for failure to state a claim.  (Doc. 37.)   The Court addressed in detail Plaintiff's arguments regarding a *Bivens* cause of action and rejected his arguments, concluding that the Court "should not expand *Bivens* to imply a new cause of action . . .."  *Id*. at 7–12.   The Court also addressed the alleged violations of FBOP Rules and Regulations and the Code of Federal Regulations, finding that such claims fail.  *Id*. at 16.   The Court also found that the United States is the only proper defendant in an FTCA action, and that Plaintiff failed to allege that he complied with the FTCA's notice requirements.  *Id*. at 16–17.   The Court did not consider whether Count III stated a plausible claim under the RFRA because the second amended complaint did not frame Count III as stating a claim under the RFRA.

Motions to alter and amend are not appropriate to revisit issues already addressed. Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence

---

[1] On August 1, 2023, the Court entered the initial Memorandum and Order (Doc. 7) ("M&O I") granting Plaintiff an opportunity to file an amended complaint.

that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.   Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).   In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its November 27, 2023 Order and Judgment, and that ruling stands. That ruling included an order denying Plaintiff's motions (Docs. 29, 30, and 34) as moot in light of the dismissal. Any request to reconsider the denial of those motions is likewise denied in light of the Court's finding that the motion to reconsider the dismissal is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration of Dismissal (Doc. 41) is **denied.**

**IT IS SO ORDERED.**

Dated December 18, 2023, in Kansas City, Kansas.

S/   John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**